**UNITED STATES v. 5,005.48 ACRES OF LAND IN DANVILLE DISTRICT, YELL COUNTY, ARK., et al.**

**No. 466.**

District Court, E. D. Arkansas, W. D.

Oct. 24, 1942.

Sam Rorex, U. S. Atty., of Little Rock, Ark., for plaintiff. (Gordon Frierson, Asst. U. S. Atty., of Little Rock, Ark., on the brief), for the United States.

Sam Robinson, of Little Rock, Ark., and Caviness & George, of Danville, Ark., for the landowners.

TRIMBLE, District Judge.

The defendants, Hignight and Compton, hereinafter referred to as landowners, were the owners of a considerable acreage of land to be taken in this proceeding. On July 17, 1941, the plaintiff secured an order granting possession of these and other lands, but by agreement between the landowners and plaintiff's engineers, landowners remained in actual possession of the lands involved until the 1st day of January, 1942, at which time it is conceded the plaintiff took actual possession of the lands, and landowners by agreement began the payment of rents.

The lands involved in this matter were adapted to the growing of cotton, and of corn, hay, oats and other feed crops, and to the raising of cattle, and these were the purposes for which it was used. In addition the landowners had their homes upon this land, and their employees had their homes and quarters thereon.

Pursuant to the agreement with the plaintiff's engineers the landowners gathered the crops on said land, continued grazing their cattle thereon without the payment of rent until the date of January 1, 1942, at which time they agreed to pay rent. It is probably true, of course, that upon the entering of the order granting possession the landowners suffered some inconveniences, but if so, they also received benefits from their continued residence on the land, and they also received the rents, issues and profits.

As was said in Shoemaker v. United States, 147 U.S. 282, 321, 13 S.Ct. 361, 394, 37 L.Ed. 170, "It is true that, by the institution of proceedings to condemn, the possession and enjoyment by the owner are to some extent interfered with. He can put no permanent improvements on the land, nor sell it, except subject to the condemna-

tion proceedings. But the owner was in receipt of the rents, issues, and profits during the time occupied in fixing the amount to which he was entitled, and the inconveniences to which he was subjected by the delay are presumed to be considered and allowed for in fixing the amount of the compensation."

I have reviewed the cases cited in the able briefs of learned counsel for the parties, especially the case of Brown v. United States, 263 U.S. 78, 44 S.Ct. 92, 68 L. Ed. 171, relied on by counsel for the landowners, but those cases, almost entirely, arose under the statute for federal conformity of practice and procedure, or an act of Congress applying specifically to the District of Columbia. This case does not arise under the statute for conformity with the state practice and procedure but under the Flood Control Act, 33 U.S.C.A. § 701a et seq. The Supreme Court of the United States clearly defined the difference in the case of Danforth v. United States, 308 U.S. 271, 285, 60 S.Ct. 231, 236, 84 L.Ed. 240, where it was said:

"In Brown v. United States [supra], this Court had occasion to consider whether interest should be allowed on the value of the property from the date of summons, the day fixed by the state statute to determine compensation and damages. In that case condemnation proceeded under the federal conformity statute which directs federal courts to conform to state practice and procedure, 'as near as may be.' Interest, it was thought, was not governed by the conformity act, but should be allowed in accordance with the state law from the date of summons. This conclusion flowed from the acceptance by this Court, without question, of the day of summons as the date for the determination of value, the day of taking. Here proceedings are under a Flood Control Act prescribing jurisdiction and procedure. Where the condemnation is free from statutory direction, as here, there would be no interest before the taking." See, also, Board of Commissioners v. United States, 308 U.S. 343, 352, 353, 60 S.Ct. 285, 84 L.Ed. 313.

There being no statutory direction as to the payment of interest, it being left to the sound discretion of the court, it is the opinion of the court that the landowners remaining in possession, actual possession of the lands until the 1st day of January, 1942, when they began paying rent, receiving the rents, issues and profits from the land, their residence thereon, they are not entitled to the payment of interest until that date. It was conceded by plaintiff that January 1, 1942, was the day when actual possession was taken and interest might begin from that date.

Proper orders carrying out this holding may be prepared at once by the United States Attorney and presented for the court's signature.